BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DONGKUK STEEL MILL CO., LTD.<br><br>                Plaintiff<br><br>     v.<br><br>UNITED STATES,<br><br>                Defendant. | Court No. 22-00032 |

COMPLAINT

Plaintiff Dongkuk Steel Mill Co., Ltd. ("Plaintiff"), files this complaint to contest the final determination by the U.S. Department of Commerce ("Commerce") in the 2019 administrative review of the countervailing duty order on Certain Cut-to-Length Carbon-Quality Steel Plate from the Republic of Korea.

JURISDICTION

1. This action arises out of a countervailing duty administrative review conducted by Commerce pursuant to Section 751 of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1675. Commerce published notice of the final results of the review in the *Federal Register* on January 3, 2022. *See Certain Cut-to-Length Carbon-Quality Steel Plate from the Republic of Korea: Final Results of the Countervailing Duty Administrative Review*; 2019, 87 Fed. Reg. 79 (Jan. 3, 2022).

2. This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A) and (B)(iii). Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C.

§ 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3.  Plaintiff is a producer and exporter of certain cut-to-length carbon-quality steel plate from the Republic of Korea, the subject merchandise at issue in this appeal. Although Plaintiff was not selected as a "mandatory respondent" by Commerce in the administrative review that is subject of this appeal, Plaintiff participated in the review by, *inter alia*, requesting to be examined as a voluntary respondent and submitting voluntary responses to Commerce's initial questionnaire and a case brief to Commerce. Furthermore, Commerce's final determination establishes the amount of countervailing duties to be imposed on imports of Plaintiff's products during the period reviewed by Commerce, and that determination also establishes the cash deposit rate for future imports of Plaintiff's products. Accordingly, Plaintiff is an "interested party" within the meaning of section 771(9)(A) of the Tariff Act, as amended 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.  On January 3, 2022, the *Final Results* were published in the *Federal Register*. *See Certain Cut-to-Length Carbon-Quality Steel Plate from the Republic of Korea: Final Results of the Countervailing Duty Administrative Review*; 2019, 87 Fed. Reg. 79 (Jan. 3, 2022).

5.  On February 1, 2022, Plaintiff initiated this action by filing a summons within the time specified by Section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2)(A); 28

U.S.C. § 2636(c); and Rule 3(a)(2) of the Rules of this Court which permits parties to challenge the final results of administrative reviews of countervailing duty orders by filing a summons within 30 days after publication of the final results, and a complaint within 30 days thereafter.  This complaint is timely filed.

## STATEMENT OF CLAIMS

1.     In the administrative review of the countervailing duty order on Certain Cut-to-Length Carbon-Quality Steel Plate from the Republic of Korea that is the subject of this appeal, Commerce did not examine the sales or cost information for Plaintiff.  Instead, Commerce assigned Plaintiff a net countervailable subsidy rate of 0.56 percent, based on the net countervailable subsidy rate found by Commerce for the "mandatory" respondent Hyundai Steel Company.

2.     Commerce's final determination in the administrative review of the countervailing duty order on Certain Cut-to-Length Carbon-Quality Steel Plate from the Republic of Korea for the January 1, 2019, to December 31, 2019 review period was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.  In particular, Commerce's determination that the Government of Korea's provision of carbon emission permits to Hyundai Steel Company constituted a countervailable subsidy was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.[1]

---

[1] It should be noted that Plaintiff intends to consolidate this action with Hyundai Steel Company's appeal that is docketed under Case No. 22-00029.

<u>DEMAND FOR JUDGMENT</u>

3. WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare Commerce's *Final Results* to be arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law;

(2) Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3) Provide such other relief as this Court deems appropriate.

Respectfully submitted,

/s/Jeffrey M. Winton
Jeffrey M. Winton
Vi N. Mai
Amrietha Nellan

WINTON & CHAPMAN PLLC
1900 L. St., N.W., Suite 611
Washington, DC  20036
(202) 774-5500

Attorneys for Dongkuk Steel Mill Co., Ltd.

Dated:  March 2, 2022