UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DONGKUK STEEL MILL CO., LTD.,<br><br>                              Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>                              Defendant,<br><br>            and<br><br>NUCOR CORPORATION,<br><br>                              Defendant-<br>                              Intervenor. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Court No. 22-00032 |

ORDER

Upon consideration of the Motion of SSAB Enterprises, LLC

("SSAB"), to intervene in the above-captioned matter, the response

thereto of Plaintiff Dongkuk Steel Mill Co., Ltd., and all other

papers and proceedings herein, it is hereby

ORDERED that SSAB's Motion is denied

Dated: _____        Signed: _____
        New York, NY                              M. Miller Baker, Judge

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| DONGKUK STEEL MILL CO., LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>NUCOR CORPORATION, )<br>)<br>Defendant- )<br>Intervenor. )<br>) | Court No. 22-00032 |

PLAINTIFF'S RESPONSE TO
MOTION TO INTERVENE BY SSAB ENTERPRISES, LLC

By motion filed on April 1, 2022, SSAB Enterprises, LLC

("SSAB"), has requested that it be permitted to intervene as of

right in the above-referenced appeal.  SSAB's motion alleges that

SSAB is a domestic U.S. producer of Cut-to-Length Carbon Steel

Plate ("CTL Plate") products addressed by the administrative

review at issue in this appeal.  According to SSAB, its status as a

domestic producer means that it "is an 'interested party' within the

meaning of 19 U.S.C. § 1677(9)(C), and it has standing to appear

and be heard as a party to the proceeding before this Court

pursuant to 19 U.S.C. § 1516a(d) and may intervene as a matter of right pursuant to 28 U.S.C. § 2631(j)(1)(B)."[1]

Plaintiff agrees that, as a domestic producer of CTL Plate products, SSAB would qualify as an "interested party" under 19 U.S.C. § 1677(9)(C). However, contrary to SSAB's claim, SSAB's status as an "interested party" does not automatically confer standing to intervene in an appeal upon it. Under the statute, an "interested party" may intervene in an appeal of a determination by the Department of Commerce only if that party qualified as a "party to the proceeding" that is the subject of the appeal.[2]

As the past decisions of this Court have recognized, the statute itself does not define the term "party to the proceeding."[3] In the

---

[1] *See* SSAB's April 1, 2022, Motion to Intervene at 2 (ECF No. 25).

[2] The relevant provision of the statute states that:

> {I}n a civil action under section 516A of the Tariff Act of 1930, only an interested party *who was a party to the proceeding* in connection with which the matter arose may intervene, and such person may intervene as a matter of right….

28 U.S.C. § 2631(j)(1)(B) (emphasis added).

[3] *See, e.g., Nucor Corporation v. United States,* 516 F.Supp.2d 1348, 1351 (Ct. Int'l Trade 2007); *Sunpower Corporation v. United States,* 128 F.Supp.3d 1333, 1338 (Ct. Int'l Trade 2015).

absence of a statutory definition, the Court has relied upon the

definition in the regulations of the Department of Commerce.[4]

Those regulations define "party to the proceeding" as follows:

> "Party to the proceeding" means any interested
> party that *actively participates, through written
> submissions of factual information or written
> argument*, in a segment of a proceeding.[5]

In this regard, the past decisions of this Court have held that a

party's submission of procedural documents (such as an entry of

appearance or application for release of business proprietary

information under administrative protective order) are not

sufficient to qualify as a "party to the proceeding" under the

relevant definition.[6]

---

[4] *See, e.g., Nucor,* 516 F.Supp2d at 1351; *Legacy Classic Furniture, Inc., v. United States,* 774 F.Supp.2d 1293, 1294 (Ct. Int'l Trade 2011); *Sunpower,* 128 F.Supp.3d at 1338.  *See also RHI Refractories Liaoning Co., Ltd. v. United States*, 752 F.Supp.2d 1377, 1380 (Ct. Int'l Trade 2011) (citing *Nucor*).

[5] 19 C.F.R. § 351.102(b)(36) (emphasis added).

[6] *See Nucor*, 516 F.Supp.2d. at 1352 ("From Nucor's pleadings and submissions, the court must conclude that Nucor's entire correspondence with Commerce was limited to what it terms a 'notice of appearance' and an application to receive information under an administrative protective order ('APO'). Filing of each of these documents does not itself constitute meaningful participation in the Department's proceeding; such filings are merely procedural

*(footnote continued on following page)*

In the review that is the subject of this appeal, SSAB filed only five documents:  (1) it joined with two other U.S. producers (ArcelorMittal USA, LLC, and Nucor Corporation) in a letter requesting that Commerce conduct the administrative review;[7] (2) it filed an entry of appearance;[8] and (3) it filed an application for release of business proprietary information under administrative protective order ("APO");[9] (4) it filed an amended APO application about a year after its initial application;[10] and (5) it filed another amended APO application about eight months later (slightly less than three months after publication of Commerce's final determination in the review that is the subject of this appeal).[11] For the Court's reference, copies of these documents are provided in Attachments 1 to 5 to this Response.  Significantly, none of those

_____

*(footnote continued from previous page)*
steps that communicate nothing of substance on any matter to be addressed in the administrative review.").

[7] *See* ArcelorMittal, Nucor and SSAB Joint Request for Review (Feb. 28, 2020).

[8] *See* SSAB Entry of Appearance (Aug. 20, 2020).

[9] *See* SSAB APO Application (Aug. 20, 2020).

[10] *See* SSAB Amended APO Application (Aug. 25, 2021).

[11] *See* SSAB Amended APO Application (Mar. 22, 2022).

documents contains factual information or written argument relating to the issues in this review.

When SSAB's counsel contacted us to request our consent to its motion to intervene, we pointed out that the documents filed by SSAB itself were not sufficient to establish that SSAB qualified as a party to the proceeding.  In response, SSAB's counsel took the position that:

> SSAB also joined with the other domestic producers in requesting the review, in which we alleged that certain producers (including Dongkuk) received subsidies during the POR based on our internal research. Our position is that this is a substantive filing giving rise to a right to intervene under the statute.[12]

It should be noted, however, that the request for review cited by SSAB's counsel did not contain any certificates of accuracy signed by company officials or by counsel to those companies. Consequently, the request for review cited by SSAB cannot have been intended as a factual submission – because Commerce's

---

[12] For the Court's reference, a printout of this email correspondence is provided in Attachment 6.

regulations explicitly require such certificates of accuracy for any submissions containing factual information.[13]

It should also be noted that, by its terms, the joint request for review only put forward a "belief," not a factual allegation supported by evidence.  Thus, the sentence in the request for review that SSAB has relied upon actually stated that:

> Petitioners request review of these entities because *we believe* that these producers and/or exporters received government subsidies during the period of review, and that any estimated cash deposits being collected on imports of subject merchandise from these manufacturers or exporters understate the degree of subsidization that occurred during the period of review.[14]

That statement of belief was nothing more than a boilerplate claim intended to satisfy the procedural requirements of Commerce's regulations, which require domestic interested parties who request reviews of foreign exporters or producers to state "why the person

---

[13] *See* 19 C.F.R. § 351.303(g)("Each submission containing factual information *must include* the following certification from the person identified in paragraph (g)(1) of this section and, in addition, if the person has legal counsel or another representative, the certification in paragraph (g)(2) of this section." (emphasis added)).

[14] *See* ArcelorMittal, Nucor, and SSAAB Joint Request for Review (Feb. 28, 2020) at 2 (emphasis added).

desires {Commerce} to review those particular exporters or producers."[15]  The statement in the joint request for review may have minimally satisfied Commerce's procedural requirements for initiating review.  It did not purport to provide any factual information or written argument about those Korean producers and exporters.

It is also significant that SSAB did not share any internal research with Commerce, and it did not submit any factual evidence to Commerce to support the "belief" reported in its request for review.  This Court has held "participation in a proceeding" is measured by the party's communications with Commerce, not by activities conducted outside of Commerce's attention.[16]

---

[15] *See* 19 C.F.R. § 351.213(b)(1) (permitting domestic interested parties to request reviews of specified individual foreign exporters or producers "if the requesting person states why the person desires the Secretary to review those particular exporters or producers.").

[16] *See Nucor,* 516 F.Supp.2d at 1352 ("Nucor's allegations that it engaged in certain other activities, *i.e.*, that it monitored the status of the proceeding and participated in case strategy sessions and settlement negotiations with other parties to the review, do not remedy the deficiency in Nucor's claim of standing. As important as those activities may have been to Nucor at the time, they were distinct from actual participation in the proceeding that Commerce was conducting.").

In short, SSAB's participation in the review that is the subject of this appeal was limited to joining in a joint letter that was intended to satisfy the procedural requirements for initiating a review, and then following up with an entry of appearance and with APO applications once the review was initiated.  Such procedural filings are insufficient to qualify SSAB as a "party to the proceeding."  Accordingly, SSAB does not have standing to intervene either as of right or by leave of the Court.[17]  Its motion to intervene must therefore be denied.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorney for Dongkuk Steel Mill
  Co., Ltd.

April 5, 2022

---

[17] *See* 28 U.S.C. § 2631(j)(1)(B).

Attachment 1

ArcelorMittal, Nucor and SSAB
Joint Request for Review
(Feb. 28, 2020)

**PUBLIC DOCUMENT**

February 28, 2020

DOC Case No. C-580-837
Total Pages: 3
Administrative Review for the POR 1/1/19-
12/31/19
AD/CVD Operations, E&C Office III
**PUBLIC DOCUMENT**

The Honorable Wilbur L. Ross, Jr.
Secretary of Commerce
U.S. Department of Commerce
Attn: Enforcement & Compliance
APO/Dockets Unit, Rm. 18022
14th Street and Constitution Avenue, NW
Washington, DC 20230

Re:   ***Certain Cut-to-Length Carbon-Quality Steel Plate from the Republic of Korea:***
Request for Administrative Review

Dear Secretary Ross:

On behalf of ArcelorMittal USA, LLC, Nucor Corporation, and SSAB Enterprises, LLC

("Petitioners"), we hereby request an administrative review of the above-captioned countervailing

duty order, for the period January 1, 2019 through December 31, 2019.[1] Petitioners are domestic

producers of cut-to-length carbon-quality steel plate and therefore are a domestic interested party

pursuant to 19 C.F.R. § 351.102(b)(17) and 19 U.S.C. § 1677(9)(C). We request this review

pursuant to the Notice of Opportunity to Request Administrative Review published in the *Federal*

*Register* on February 3, 2020.[2]

This request is for the review of the countervailing duty order on cut-to-length carbon-

quality steel plate produced or exported by BDP International, Dongkuk Steel Mill Co., Ltd.,

---

[1]   *See* 19 C.F.R. § 351.213(b).

[2]   *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request*
*Administrative Review*, 85 Fed. Reg. 5938 (Dep't Commerce Feb. 3, 2020) (opportunity to request admin. rev.).

Barcode:3949110-01 C-580-837 REV - Admin Review 1/1/19 - 12/31/19

The Honorable Wilbur L. Ross, Jr.
February 28, 2020
Page 2

**PUBLIC DOCUMENT**

Hyundai Steel Co., Ltd., Sung Jin Steel Co., Ltd., or any of their affiliates, whether directly to the United States or indirectly through third countries. Petitioners request review of these entities because we believe that these producers and/or exporters received government subsidies during the period of review, and that any estimated cash deposits being collected on imports of subject merchandise from these manufacturers or exporters understate the degree of subsidization that occurred during the period of review.

If you have any questions concerning this submission, please do not hesitate to contact the undersigned.

Respectfully submitted,

| */s/ Paul C. Rosenthal* | */s/ Alan H. Price* | */s/ Roger B. Schagrin* |
|---|---|---|
| Paul C. Rosenthal | Alan H. Price | Roger B. Schagrin |
| Kathleen W. Cannon | Christopher B. Weld | Luke Meisner |
| R. Alan Luberda | Derick G. Holt | SCHAGRIN ASSOCIATES |
| Brooke M. Ringel | WILEY REIN LLP | 900 Seventh Street NW, Suite 500 |
| KELLEY DRYE & WARREN, LLP | 1776 K Street NW | Washington, DC 20001 |
| 3050 Street NW, Suite 400 | Washington, DC 20006 | (202) 223-1700 |
| Washington, DC 20001 | (202) 719-7000 | |
| (202) 342-8400 | | |
| | | |
| *Counsel to ArcelorMittal USA, LLC* | *Counsel to Nucor Corporation* | *Counsel to SSAB Enterprises, LLC* |

Barcode:3949110-01 C-580-837 REV - Admin Review 1/1/19 - 12/31/19

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

***Certain Cut-To-Length Carbon-Quality Steel Plate from South Korea***
**C-580-837**
**Administrative Review 1/1/19-12/31/19**

I certify that a copy of this public submission was served on the following parties, via first-class mail, on February 28, 2020

*Claire M Webster*

**BDP International**
13th Fl, ILJIN Building, 45, Mapo-daero,
Mapo-gu, Seoul, 01467, Rep. of Korea

**Hyundai Steel Co., Ltd.**
12, Heolleung-ro
Seocho-gu, Seoul, 137-938, Rep. of Korea

Jeffrey M. Winton, Esq.
**Law Office of Jeffrey M. Winton**
1900 L Street, NW
Suite 611
Washington, DC 20036

Jinman Ro
**Embassy of the Republic of Korea**
2450 Massachusetts Avenue, NW
Washington, DC 20008

**Dongkuk Steel Mill Co., Ltd.**
Ferrum Tower, 19 Eulji-ro 5 gil,
Jung-gu, Seoul, 04539, Rep. of Korea

**Sung Jin Steel Co., Ltd.**
144, Mieumsandan-ro
Gangseo-Gu, Busan, 46747, Rep. of Korea

Brady W. Mills, Esq.
**Morris, Manning & Martin, LLP**
1401 I Street, NW
Suite 600
Washington, DC 20005

Attachment 2

SSAB Entry of Appearance
(Aug. 20, 2020)

**Entry of Appearance: C-580-837**
**Certain Cut-To-Length Carbon-Quality Steel Plate From South Korea**
**REV 01/01/2019 - 12/31/2019**

I hereby enter my appearance on behalf of the following interested party(ies) in the above case segment. Each party qualifies as an interested party under 19 CFR 351.102(b)(29)(i) - (ix), as indicated by Participant Type(s).With this entry of appearance, I request to be added to the public service list for the above case segment.

Represented by:
Roger B. Schagrin
Schagrin Associates
900 7th Street, NW
Suite 500
Washington, DC 20001
202-223-1700
rschagrin@schagrinassociates.com

| Interested Party (Organization or Company) Name | Participant Type(s) |
| --- | --- |
| SSAB Enterprises | (v) a manufacturer, producer, or wholesaler in the United States of a domestic like product |

Additional Information:

Attachment 3

SSAB APO Application
(Aug. 20, 2020)

### APO Application: C-580-837
### Certain Cut-To-Length Carbon-Quality Steel Plate From South Korea
### REV 01/01/2019 - 12/31/2019

This application is:
the initial firm application to be placed on the APO service list

Administrative Review Initiation FR Published on: 4/8/2020

## Section 1
Representation
I request disclosure of all business proprietary information under administrative protective order (APO) which will be or has been placed on the record of this segment of this proceeding that is releasable under 19 CFR 351.305 for the purpose of fully representing the interests of my client(s), listed below who is an interested party as defined in 19 CFR 351.102(b)(29):

(v): SSAB Enterprises

Additional Information:

## Section 2
If the interested party/parties I represent have another authorized applicant or representative,  is the lead firm.

## Section 3
TO BE COMPLETED BY ATTORNEY APPLICANTS
A. I   AM NOT   an officer of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application.
B. I   DO NOT   participate in the competitive decision-making activity of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application. I understand that competitive decision-making activity includes advice on production, sales, operations, or investments, but does not include legal advice.
C. I   DO NOT   have an official position or other business relationship other than providing advice for the purpose of this segment of the proceeding with the interested party or parties listed in section 1, or with other competitors of the person submitting the business proprietary information requested in this application.
D. I   DO NOT   currently intend within 12 months after the date upon which the final determination/results is/are published to enter into any of the relationships described in sections 3A, B and C.
E. Explain for each applicant any affirmative response to section 3A, B, C or D:

Barcode:4018171-01 C-580-837 REV - Admin Review 1/1/19 - 12/31/19

Attorney Applicants

Christopher T. Cloutier, ccloutier@schagrinassociates.com

Elizabeth J. Drake, edrake@schagrinassociates.com

Geert De Prest, gdeprest@schagrinassociates.com

Kelsey Rule, krule@schagrinassociates.com

Luke A. Meisner, lmeisner@schagrinassociates.com

Nicholas J Birch, nbirch@schagrinassociates.com

Paul Wright Jameson, pjameson@schagrinassociates.com

William Fennell, wfennell@schagrinassociates.com


**Section 4**

TO BE COMPLETED BY NON-ATTORNEY APPLICANTS

A. I   AM   employed by or retained by a law firm representing the interested party or parties listed in section 1.

B. If I am retained by an attorney, the name of the lawyer and law firm are:

**Schagrin Associates**

C. If I am not an employee of a law firm and have not been retained by the attorney for the interested party or parties listed in section 1, in a separate attachment to this application I am providing information concerning my practice before the International Trade Administration.

D. I   AM NOT   an officer or employee of a interested party or parties listed in section 1, or of other competitors of the submitter of the business proprietary information requested in this application.

E. I   DO NOT   participate in the competitive decision-making activity of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application. I understand that competitive decision-making activity includes advice on production, sales, operations, or investments, but does not include legal advice.

F. I   DO NOT   have an official position or other business relationship other than providing advice for the purpose of this segment of the proceeding with the interested party or parties listed in section 1, or with other competitors of the person submitting the business proprietary information requested in this application.

G. I   DO NOT   currently intend within 12 months after the date upon which the final determination/results is/are published to enter into any of the relationships described in sections 4D, E and F.

H. Explain for each applicant any affirmative response section 4D, E, F or G:


Part a: Internal Non-Attorney Applicants

David DePrest, ddeprest@schagrinassociates.com

Michael Panfeld, mpanfeld@schagrinassociates.com

Rui Fan, rfan@schagrinassociates.com


Part b: Other External Applicants

Name, Organization and Address

## Section 5

The "Lead Applicant" for the purposes of service is: Roger B. Schagrin. The email address to be used for service of the APO service list is: rschagrin@schagrinassociates.com.

## Section 6

WAIVER OF SERVICE

If my application for APO in this proceeding is granted, I waive service of the following business proprietary information that I would be authorized to receive under the APO:

Inadvertent service of a document containing business proprietary information on a party that has been granted APO access and has waived service IS NOT A VIOLATION OF THE APO.

## Section 7

AGREEMENT TO BE BOUND

Recognizing the penalties for perjury under the laws of the United States, I affirm that all statements in this application are true, accurate, and complete to the best of my knowledge. I agree, individually and on behalf of my law firm, corporate law office, or company, if any, to be bound by the terms stated in the administrative protective order issued in this segment of the proceeding.

I certify that this application is a true and accurate copy of the Department's "Application for Administrative Protective Order", FORM ITA-367 (5.17). If there are any discrepancies, I agree to be bound by the Department's standard form.

SUBMITTED BY
Roger B. Schagrin
Schagrin Associates
900 7th Street, NW
Suite 500
Washington, DC 20001
202-223-1700
rschagrin@schagrinassociates.com

Document Date: 8/20/2020 4:10:54 PM
FORM ITA-367 (5.17)

Attachment 4

SSAB Amended APO Application
(Aug. 25, 2021)

**Amended APO Application: C-580-837**
**Certain Cut-To-Length Carbon-Quality Steel Plate From South Korea**
**REV 01/01/2019 - 12/31/2019**

This application is:
a request to amend the firm's list of authorized applicants

What changes are you making in this amendment?
Please remove Paul W. Jameson from the APO list; and
add attorney applicants Benjamin Jacob Bay and Michelle Rose Avrutin to the APO list.

Administrative Review Initiation FR Published on: 04/08/2020

## Section 1
Representation
I request disclosure of all business proprietary information under administrative protective order (APO) which will be or has been placed on the record of this segment of this proceeding that is releasable under 19 CFR 351.305 for the purpose of fully representing the interests of my client(s), listed below who is an interested party as defined in 19 CFR 351.102(b)(29):

(v): SSAB Enterprises

Additional Information:

## Section 2
If the interested party/parties I represent have another authorized applicant or representative,  is the lead firm.

## Section 3
TO BE COMPLETED BY ATTORNEY APPLICANTS
A. I  AM NOT  an officer of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application.
B. I  DO NOT  participate in the competitive decision-making activity of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application. I understand that competitive decision-making activity includes advice on production, sales, operations, or investments, but does not include legal advice.
C. I  DO NOT  have an official position or other business relationship other than providing advice for the purpose of this segment of the proceeding with the interested party or parties listed in section 1, or with other competitors of the person submitting the business proprietary information requested in this

application.

D. I   DO NOT   currently intend within 12 months after the date upon which the final determination/results is/are published to enter into any of the relationships described in sections 3A, B and C.

E. Explain for each applicant any affirmative response to section 3A, B, C or D:

Attorney Applicants

Christopher T. Cloutier, ccloutier@schagrinassociates.com

Elizabeth J. Drake, edrake@schagrinassociates.com

Geert De Prest, gdeprest@schagrinassociates.com

Kelsey Rule, krule@schagrinassociates.com

Luke A. Meisner, lmeisner@schagrinassociates.com

Nicholas J Birch, nbirch@schagrinassociates.com

William Fennell, wfennell@schagrinassociates.com

Benjamin Jacob Bay, bbay@schagrinassociates.com

Michelle Rose Avrutin, mavrutin@schagrinassociates.com


**Section 4**

TO BE COMPLETED BY NON-ATTORNEY APPLICANTS

A. I   AM   employed by or retained by a law firm representing the interested party or parties listed in section 1.

B. If I am retained by an attorney, the name of the lawyer and law firm are:

**Roger B. Schagrin of Schagrin Associates**

C. If I am not an employee of a law firm and have not been retained by the attorney for the interested party or parties listed in section 1, in a separate attachment to this application I am providing information concerning my practice before the International Trade Administration.

D. I   AM NOT   an officer or employee of a interested party or parties listed in section 1, or of other competitors of the submitter of the business proprietary information requested in this application.

E. I   DO NOT   participate in the competitive decision-making activity of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application. I understand that competitive decision-making activity includes advice on production, sales, operations, or investments, but does not include legal advice.

F. I   DO NOT   have an official position or other business relationship other than providing advice for the purpose of this segment of the proceeding with the interested party or parties listed in section 1, or with other competitors of the person submitting the business proprietary information requested in this application.

G. I   DO NOT   currently intend within 12 months after the date upon which the final determination/results is/are published to enter into any of the relationships described in sections 4D, E and F.

H. Explain for each applicant any affirmative response section 4D, E, F or G:

Part a: Internal Non-Attorney Applicants

David DePrest, ddeprest@schagrinassociates.com

Michael Panfeld, mpanfeld@schagrinassociates.com

Rui Fan, rfan@schagrinassociates.com


Part b: Other External Applicants

Name, Organization and Address

## Section 5

The "Lead Applicant" for the purposes of service is: Roger B. Schagrin. The email address to be used for service of the APO service list is: rschagrin@schagrinassociates.com.

## Section 6

WAIVER OF SERVICE

If my application for APO in this proceeding is granted, I waive service of the following business proprietary information that I would be authorized to receive under the APO:

Inadvertent service of a document containing business proprietary information on a party that has been granted APO access and has waived service IS NOT A VIOLATION OF THE APO.

## Section 7

AGREEMENT TO BE BOUND

Recognizing the penalties for perjury under the laws of the United States, I affirm that all statements in this application are true, accurate, and complete to the best of my knowledge. I agree, individually and on behalf of my law firm, corporate law office, or company, if any, to be bound by the terms stated in the administrative protective order issued in this segment of the proceeding.

I certify that this application is a true and accurate copy of the Department's "Application for Administrative Protective Order", FORM ITA-367 (5.17). If there are any discrepancies, I agree to be bound by the Department's standard form.


SUBMITTED BY

Roger B. Schagrin

Schagrin Associates

900 7th Street, NW

Suite 500

Washington, DC 20001

202-223-1700

rschagrin@schagrinassociates.com


Document Date: 8/25/2021 5:02:45 PM

FORM ITA-367 (5.17)

Attachment 5

SSAB Amended APO Application
(Mar. 22, 2022)

**Amended APO Application: C-580-837**
**Certain Cut-To-Length Carbon-Quality Steel Plate From South Korea**
**REV 01/01/2019 - 12/31/2019**

This application is:
a request to amend the firm's list of authorized applicants

What changes are you making in this amendment?
Adding attorneys Jeffrey D. Gerrish, Joseph A. Laroski, Jr. Saad Chalchal, Justin Neuman, Nicholas Phillips and remove Geert De Prest

Administrative Review Initiation FR Published on: 04/08/2020

## Section 1
Representation
I request disclosure of all business proprietary information under administrative protective order (APO) which will be or has been placed on the record of this segment of this proceeding that is releasable under 19 CFR 351.305 for the purpose of fully representing the interests of my client(s), listed below who is an interested party as defined in 19 CFR 351.102(b)(29):

(v): SSAB Enterprises

Additional Information:

## Section 2
If the interested party/parties I represent have another authorized applicant or representative,  is the lead firm.

## Section 3
TO BE COMPLETED BY ATTORNEY APPLICANTS
A. I   AM NOT   an officer of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application.
B. I   DO NOT   participate in the competitive decision-making activity of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application. I understand that competitive decision-making activity includes advice on production, sales, operations, or investments, but does not include legal advice.
C. I   DO NOT   have an official position or other business relationship other than providing advice for the purpose of this segment of the proceeding with the interested party or parties listed in section 1, or with other competitors of the person submitting the business proprietary information requested in this

application.

D. I   DO NOT   currently intend within 12 months after the date upon which the final determination/results is/are published to enter into any of the relationships described in sections 3A, B and C.

E. Explain for each applicant any affirmative response to section 3A, B, C or D:

Attorney Applicants

Benjamin Jacob Bay, bbay@schagrinassociates.com

Christopher T. Cloutier, ccloutier@schagrinassociates.com

Elizabeth J. Drake, edrake@schagrinassociates.com

Kelsey Rule, krule@schagrinassociates.com

Luke A. Meisner, lmeisner@schagrinassociates.com

Michelle Rose Avrutin, mavrutin@schagrinassociates.com

Nicholas J Birch, nbirch@schagrinassociates.com

William Fennell, wfennell@schagrinassociates.com

Jeffrey Gerrish, jgerrish@schagrinassociates.com

Joseph A Laroski Jr, jlaroski@schagrinassociates.com

Justin Neuman, jneuman@schagrinassociates.com

Nicholas Phillips, nphillips@schagrinassociates.com

Saad Younus Chalchal, schalchal@schagrinassociates.com

## Section 4

TO BE COMPLETED BY NON-ATTORNEY APPLICANTS

A. I   AM   employed by or retained by a law firm representing the interested party or parties listed in section 1.

B. If I am retained by an attorney, the name of the lawyer and law firm are:

**Roger B. Schagrin of Schagrin Associates**

C. If I am not an employee of a law firm and have not been retained by the attorney for the interested party or parties listed in section 1, in a separate attachment to this application I am providing information concerning my practice before the International Trade Administration.

D. I   AM NOT   an officer or employee of a interested party or parties listed in section 1, or of other competitors of the submitter of the business proprietary information requested in this application.

E. I   DO NOT   participate in the competitive decision-making activity of the interested party or parties listed in section 1, or of other competitors of the person submitting the business proprietary information requested in this application. I understand that competitive decision-making activity includes advice on production, sales, operations, or investments, but does not include legal advice.

F. I   DO NOT   have an official position or other business relationship other than providing advice for the purpose of this segment of the proceeding with the interested party or parties listed in section 1, or with other competitors of the person submitting the business proprietary information requested in this application.

G. I   DO NOT   currently intend within 12 months after the date upon which the final determination/results is/are published to enter into any of the relationships described in sections 4D, E and F.

Barcode:4223868-01 C-580-837 REV - Admin Review 1/1/19 - 12/31/19

H. Explain for each applicant any affirmative response section 4D, E, F or G:

Part a: Internal Non-Attorney Applicants
David DePrest, ddeprest@schagrinassociates.com
Michael Panfeld, mpanfeld@schagrinassociates.com
Rui Fan, rfan@schagrinassociates.com


Part b: Other External Applicants
Name, Organization and Address

**Section 5**
The "Lead Applicant" for the purposes of service is: Roger B. Schagrin. The email address to be used for service of the APO service list is: rschagrin@schagrinassociates.com.

**Section 6**
WAIVER OF SERVICE
If my application for APO in this proceeding is granted, I waive service of the following business proprietary information that I would be authorized to receive under the APO:

Inadvertent service of a document containing business proprietary information on a party that has been granted APO access and has waived service IS NOT A VIOLATION OF THE APO.

**Section 7**
AGREEMENT TO BE BOUND
Recognizing the penalties for perjury under the laws of the United States, I affirm that all statements in this application are true, accurate, and complete to the best of my knowledge. I agree, individually and on behalf of my law firm, corporate law office, or company, if any, to be bound by the terms stated in the administrative protective order issued in this segment of the proceeding.

I certify that this application is a true and accurate copy of the Department's "Application for Administrative Protective Order", FORM ITA-367 (5.17). If there are any discrepancies, I agree to be bound by the Department's standard form.

SUBMITTED BY
Roger B. Schagrin
Schagrin Associates
900 7th Street, NW
Suite 500
Washington, DC 20001
202-223-1700
rschagrin@schagrinassociates.com

Document Date: 3/22/2022 10:06:49 AM
FORM ITA-367 (5.17)

Attachment 6

Email Correspondence Regarding
SSAB Motion to Intervene

## Jeffrey Winton

| | |
|---|---|
| **From:** | Kelsey Rule <krule@schagrinassociates.com> |
| **Sent:** | Tuesday, March 29, 2022 11:13 AM |
| **To:** | Jeffrey Winton |
| **Cc:** | Amrietha Nellan; Michael Chapman; Vi Mai; kelly.a.krystyniak@usdoj.gov; Jeff Gerrish |
| **Subject:** | Re: CIT 22-32 Motion to Intervene |

Hi Jeff,

SSAB also joined with the other domestic producers in requesting the review, in which we alleged that certain producers (including Dongkuk) received subsidies during the POR based on our internal research. Our position is that this is a substantive filing giving rise to a right to intervene under the statute.

Thanks,

Kelsey


On Mon, Mar 28, 2022 at 5:11 PM Jeffrey Winton <jwinton@jmwinton.com> wrote:

According to ACCESS, SSAB filed an entry of appearance and APO application in the review that is subject to the appeal, but did not actually play any substantive role in the review. Accordingly, I do not believe we can consent to your motion as currently drafted, because your draft incorrectly states that SSAB "participated" in the review. However, I would be open to reconsidering that position if you were to describe SSAB's role and the statutory standard more precisely, and explain why SSAB meets the actual statutory requirement.

With best regards,

Jeffrey M. Winton

Winton & Chapman PLLC

1900 L Street, NW, Suite 611

Washington, DC 20036

Direct: 202.774.5503

**From:** Kelsey Rule <krule@schagrinassociates.com>
**Sent:** Monday, March 28, 2022 4:38 PM
**To:** Jeffrey Winton <jwinton@jmwinton.com>; Amrietha Nellan <anellan@jmwinton.com>; Michael Chapman <mchapman@jmwinton.com>; Vi Mai <vmai@jmwinton.com>; kelly.a.krystyniak@usdoj.gov
**Cc:** Jeff Gerrish <jgerrish@schagrinassociates.com>
**Subject:** CIT 22-32 Motion to Intervene

Dear counsel,

On behalf of SSAB Enterprises, LLC, attached please find our motion to intervene in *Dongkuk Steel Mill Co., Ltd v. United States*, CIT Case No. 22-00032. Kindly let us know if you consent.

Best,

Kelsey M. Rule

**SCHAGRIN ASSOCIATES**

900 7th Street NW, Suite 500

Washington, D.C. 20001

(202) 223-1700