UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY,<br><br>    Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>          and<br><br>SSAB ENTERPRISES LLC; NUCOR CORPORATION,<br><br>    Defendant-Intervenors. | Court No. 22-00029 |
| DONGKUK STEEL MILL CO., LTD.,<br><br>    Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>          and<br><br>NUCOR CORPORATION,<br><br>    Defendant-Intervenor. | Court No. 22-00032 |

BRIEF OF DONGKUK STEEL MILL CO., LTD. IN SUPPORT OF
ITS RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

PUBLIC DOCUMENT

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for Dongkuk Steel Mill Co.,
Ltd.

August 5, 2022

# Table of Contents

Page

STATEMENT PURSUANT TO RULE 56.2(C)(1) ........................................2

    A.  Administrative Determination under Review......................2

    B.  Issues of Law and Summary of Reasons for
        Reversing Commerce's Determination .................................3

ARGUMENT ........................................................................................4

    A.  Commerce's Determination that the Government of
        Korea's Provision of Carbon Emission Permits to
        Hyundai Steel Constitutes a Countervailable
        Subsidy Was Unsupported by Substantial Evidence
        and Was Otherwise Not in Accordance with Law.................4

CONCLUSION........................................................................................5

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

HYUNDAI STEEL COMPANY,

    Plaintiff,

        v.

UNITED STATES,

    Defendant,

      and

SSAB ENTERPRISES LLC; NUCOR CORPORATION,

    Defendant-Intervenors.

Court No. 22-00029

DONGKUK STEEL MILL CO., LTD.,

    Plaintiff,

        v.

UNITED STATES,

    Defendant,

      and

NUCOR CORPORATION,

    Defendant-Intervenor.

Court No. 22-00032

Brief of Dongkuk Steel Mill Co., Ltd. in Support of
Its Rule 56.2 Motion for Judgment on the Agency Record

This brief is submitted on behalf of Dongkuk Steel Mill Co., Ltd.
("Dongkuk") to contest the final determination by the U.S.
Department of Commerce ("Commerce") in the 2019 administrative
review of the countervailing duty order on Certain Cut-to-Length
Carbon-Quality Steel Plate ("CTL Plate") from the Republic of
Korea.

Statement Pursuant to Rule 56.2(c)(1)

A.  *Administrative Determination under Review*

Commerce's notice of the Final Determination with respect to
Dongkuk was published in the Federal Register on January 3,
2022.[1]  Commerce's discussion of the issues raised in the final
results was set forth in a separate memorandum dated
December 23, 2021.[2]

---

[1] *See Certain Cut-to-Length Carbon-Quality Steel Plate from the
Republic of Korea: Final Results of the Countervailing Duty
Administrative Review; 2019*, 87 Fed. Reg. 79 (Jan. 3, 2022)
(Appx01076-01077).

[2] *See* Decision Memorandum for the Final Results of the
Countervailing Duty Administrative Review, 2019: Certain Cut-To-

*(footnote continued on following page)*

2

### B. Issues of Law and Summary of Reasons for Reversing Commerce's Determination

#### 1. Whether Commerce's calculation of the mandatory respondent's net countervailable subsidy rate was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with the law?

Commerce treated Dongkuk as a non-examined respondent and assigned Dongkuk a subsidy rate of 0.56 percent, based on the net countervailable subsidy rate found by Commerce for the mandatory respondent Hyundai Steel Company ("Hyundai Steel").[3]  We understand that Hyundai Steel is making arguments in its brief in the companion case (Case Number 22-00029) to the Court explaining that Commerce's calculation of its net countervailable subsidy rate was contrary to law and to the evidence on the record. In the interest of brevity, we will not repeat those explanations, but incorporate them by reference.

---

*(footnote continued from previous page)*
Length Carbon-Quality Steel Plate from the Republic of Korea (Dec. 23, 2021) (hereinafter "Final I&D Memo") (Appx01037-01075).

[3] *See* Final I&D Memo, at 33-39 (Appx01069-01075).

<u>ARGUMENT</u>

A. *Commerce's Determination that the Government of Korea's Provision of Carbon Emission Permits to Hyundai Steel Constitutes a Countervailable Subsidy Was Unsupported by Substantial Evidence and Was Otherwise Not in Accordance with Law*

As mentioned, we understand that Hyundai Steel is making arguments explaining that Commerce's calculation of its net countervailable subsidy rate for the January 1, 2019, to December 31, 2019 review period was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law. In particular, Commerce's determination that the Government of Korea's provision of carbon emission permits to Hyundai Steel constituted a countervailable subsidy was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.  In the interest of brevity, we will not repeat those explanations, but incorporate them by reference.  If the Court agrees with the claims presented by Hyundai Steel, it should direct Commerce to recalculate the subsidy rate that was assigned to Dongkuk as well.

4

C<span>ONCLUSION</span>

For the foregoing reasons, we respectfully request that the

Court grant Dongkuk's motion for judgment on the agency record,

and remand this matter to Commerce for disposition in a manner

consistent with the judgment of this Court.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Vi N. Mai

W<span>INTON</span> & C<span>HAPMAN</span> PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for Dongkuk Steel Mill
Co., Ltd.

August 5, 2022

C<span>ERTIFICATE OF</span> C<span>OMPLIANCE</span>

Pursuant to the Court's "Standard Chambers Procedures," I, Jeffrey M. Winton, hereby certify that the word count function of the word-processing system used to prepare the foregoing brief indicates that the brief contains 525 words including headings, footnotes, and quotations, but not including the cover, caption, table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature block.

/s/Jeffrey M. Winton

August 5, 2022