UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>SSAB ENTERPRISES LLC; NUCOR CORPORATION, )<br><br>Defendant-Intervenors. ) | Court No. 22-00029 |
| DONGKUK STEEL MILL CO., LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>NUCOR CORPORATION, )<br><br>Defendant-Intervenor. ) | Court No. 22-00032 |

REPLY BRIEF OF DONGKUK STEEL MILL CO., LTD.

PUBLIC DOCUMENT

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for Dongkuk Steel Mill Co.,
Ltd.

December 13, 2022

## Table of Contents

Page

ARGUMENT ...................................................................................2

    A.  Commerce Did Not Request Information  Regarding Dongkuk's Participation in the Korea Emissions Trading System Program........................................................2

    B.  Other Arguments Set Forth in Hyundai Steel's Reply Brief..............................................................6

CONCLUSION...............................................................................7

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) Court No. 22-00029 |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| SSAB ENTERPRISES LLC; NUCOR CORPORATION, | ) |
| | ) |
| Defendant-Intervenors. | ) |
| | ) |

| | |
|---|---|
| DONGKUK STEEL MILL CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) Court No. 22-00032 |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| NUCOR CORPORATION, | ) |
| | ) |
| Defendant-Intervenor. | ) |
| | ) |

REPLY BRIEF OF DONGKUK STEEL MILL CO., LTD.

This reply brief is submitted on behalf of Dongkuk Steel Mill

Co., Ltd. ("Dongkuk") in response to the response briefs filed by

Defendant and Defendant-Intervenor Nucor Corporation.[1]  This

reply brief is timely filed pursuant to this Court's scheduling

orders.[2]

ARGUMENT

A.  *Commerce Did Not Request Information Regarding Dongkuk's Participation in the Korea Emissions Trading System Program*

In its discussion of Hyundai Steel Company's ("Hyundai Steel")

arguments, Defendant's response brief made certain factual

---

[1] *See* Defendant's November 1, 2022, Response Brief (ECF No. 48), corrected Defendant's Response Brief filed on November 9, 2022 (ECF No. 50).  *See also* Defendant-Intervenor Nucor Corporation's November 15, 2022 Response Brief (ECF No. 54).

[2] *See* Court's June 7, 2022, Scheduling Order (ECF No. 42), as extended by this Court's October 3, 2022, and October 25, 2022, orders granting Defendant's motions for extension of time to file its response brief as well as adjusting the remaining deadlines accordingly.  Defendant received a four-week extension to file its response brief.  As a result, the deadline for Dongkuk to file its reply brief is December 13, 2022 (*i.e.*, four weeks after the initial deadline for reply briefs set by this Court's June 7, 2022, Scheduling Order).

assertions pertaining to Dongkuk's alleged usage of the Korea

Emissions Trading System ("KETS") Program.

For example, Defendant's response brief asserted that:

> Had the GOK treated Hyundai and Dongkuk like any other company, then both plaintiffs would have been eligible to participate in the government auction where the GOK could have recovered the remaining three percent of permits that Hyundai and Dongkuk needed to purchase to comply with their KETS obligations.
>
> Hyundai and Dongkuk are thus placed into a beneficial position, and either do not need to purchase additional permits or may need to purchase fewer permits to maintain compliance with the KETS program. Regardless of hypotheticals, the GOK forgoes revenue otherwise due had Hyundai and Dongkuk not received the additional three percent and were instead required to purchase additional permits to maintain compliance.
>
> … Hyundai and Dongkuk cannot even participate in the auction process, rendering Hyundai's analogy misplaced.
>
> By receiving the additional three percent KAU allocation, the GOK placed Hyundai and Dongkuk into an undeniably advantageous position compared to others business sectors -- the GOK has relieved them of the financial burden of purchasing credits beyond the standard allocation from either the GOK-run auction or the private trading markets.
>
> The KAUs that Hyundai and Dongkuk receive have inherent value because they are market instruments with prices established for the purpose of trading both through the GOK-run auction and in private trading markets.

> As Commerce explained, participants were relieved of the obligation to purchase additional allowances because the GOK automatically awarded Hyundai and Dongkuk 100 percent KAUs rather than the 97 percent provided to everyone else. But plaintiffs' analysis ignores the reality that Hyundai and Dongkuk receive a benefit compared to other Korean industries with a lower volume of international trade or production costs… Hyundai and Dongkuk thus receive a benefit under KETS that is not otherwise available to entities receiving the standard 97 percent allocation… Further, if Hyundai and Dongkuk received only the standard allocation, they would be required to incur a cost for acquiring these credits from either the GOK or private markets.
>
> Indeed, evidence on the record demonstrates that Hyundai and Dongkuk ultimately had to purchase additional KAUs in order to surrender the requisite number of KAUs to the GOK. *See* Appx11910-11914. Had it not been for the additional 3 percent allocation, Hyundai and Dongkuk would have needed to purchase even more KAUs in order to ensure they complied with the KETS requirements.[3]

In reality, Commerce never requested information from Dongkuk in the underlying proceeding about its participation in the KETS program and, as a result, there is no evidence on the record to

---

[3] *See* Defendant's Corrected Response Brief filed on November 9, 2022, at 23-25, 30-32, 34, 38 (ECF No. 50).

4

support any of Defendant's assertions with respect to Dongkuk's alleged usage of that program.

During the underlying proceeding, Dongkuk requested voluntary respondent treatment on May 28, 2020, and submitted its response to Commerce's initial questionnaire on June 29, 2020.[4] Commerce denied Dongkuk's request for voluntary respondent treatment on June 10, 2020, and declined to allow for the individual examination of Dongkuk's information.[5]

Subsequently, Commerce's received new subsidy allegations from Nucor including the KETS program at issue.[6]  Commerce initiated an investigation into the KETS program on April 26, 2021 and issued questionnaires relating to this program to only Hyundai

---

[4] *See* Dongkuk's May 28, 2020, Request for Voluntary Treatment (Appx01085-01087).  *See also* Dongkuk's June 29, 2020, Section III Initial Response (Appx01519-01570).

[5] *See* Commerce's June 10, 2020, Selection of a Voluntary Respondent Memorandum (Appx14693-14696).

[6] *See* Nucor's August 17, 2020, New Subsidy Allegations (Appx09198-09239).

Steel and the Government of Korea, not to Dongkuk.[7]  As a result,

information from Dongkuk regarding its participation in the KETS

program was not requested by Commerce and is not on the record

of the underlying proceeding.  Therefore, Defendant's factual

assertions pertaining to Dongkuk's participation in the program as

outlined above should be rejected as unsupported by the record

evidence.

### B. *Other Arguments Set Forth in Hyundai Steel's Reply Brief*

We understand that Hyundai Steel is making arguments in

response to the response briefs filed by Defendant and Defendant-

Intervenor Nucor.  In the interest of brevity, we will not repeat

those explanations, but incorporate them by reference.  If the Court

agrees with the claims presented by Hyundai Steel, it should direct

Commerce to recalculate the subsidy rate that was assigned to

Dongkuk as well.

---

[7] *See* Commerce's April 26, 2021, New Subsidy Allegations
Memorandum (Appx15417-15437).  *See also* Commerce's April 26,
2021, New Subsidy Questionnaires (Appx15438-15450).

CONCLUSION

For the foregoing reasons, we respectfully request that the

Court grant Dongkuk's motion for judgment on the agency record,

and remand this matter to Commerce for disposition in a manner

consistent with the judgment of this Court.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Vi N. Mai

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for Dongkuk Steel Mill
Co., Ltd.

December 13, 2022

7

CERTIFICATE OF COMPLIANCE

Pursuant to the Court's "Standard Chambers Procedures," I, Jeffrey M. Winton, hereby certify that the word count function of the word-processing system used to prepare the foregoing brief indicates that the brief contains 988 words including headings, footnotes, and quotations, but not including the cover, caption, table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature block.

/s/ Jeffrey M. Winton

December 13, 2022